UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN PRUITT; JOHN PRUITT, JR., a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; PHILLIP PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; MICHAEL PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; ISIAH PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; DARRYL BERG; and DEBRA BERG,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO; Sacramento County Sherriff's Department Sheriff JOHN MCGINNESS; Sergeant SANTOS RAMOS; Detective SEAN BERRY; Detective BRAD ROSE; Detective RANDY MOYA; Detective JACQUELINE KLOSS; Detective KEVIN STEED; Detective STEVE WHARTON; Probation Officer TIMOTHY RUIZ; Deputy THOMAS LYNN; Deputy CRAIG HARMON; and | NO. CIV. 2:10-416 WBS KJN |

1

DOES 1-100, inclusive,

        Defendants.

                                 ----oo0oo----

                  STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 9, 2010, and makes the following findings and orders without needing to consult with the parties any further.

        I.    <u>SERVICE OF PROCESS</u>

All named defendants have been served or waived service and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

        II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

        III.  <u>JURISDICTION/VENUE</u>

Federal Question Jurisdiction is premised on 42 U.S.C. § 1983 (civil rights) and 28 U.S.C. § 1343 (civil rights and elective franchise).  Venue is undisputed and is hereby found to be proper.

        IV.   DISCOVERY

            The parties shall serve their initial disclosures
required by Federal Rule of Civil Procedure 26(a)(1) no later
than September 12, 2010.

            The parties shall disclose any experts and produce
reports in accordance with Federal Rule of Civil Procedure
26(a)(2) no later than March 1, 2011.

            All discovery, including depositions for preservation
of testimony, is left open, save and except that it shall be so
conducted as to be completed by July 1, 2011.  The word
"completed" means that all discovery shall have been conducted so
that all depositions have been taken and any disputes relevant to
discovery shall have been resolved by appropriate order if
necessary and, where discovery has been ordered, the order has
been obeyed.  All motions to compel discovery must be noticed on
the Magistrate Judge's calendar in accordance with the local
rules of this court and so that such motions may be heard (and
any resulting orders obeyed) no later than July 1, 2011.

            Plaintiffs request twenty depositions rather than the
ten depositions provided by the Federal Rules.  See Fed. R. Civ.
P. 26(b)(2)(A), 30(a)(2)(A)(I).  Because plaintiffs state that
they do not know the identity or exact number of persons they
believe they need to depose, the number of depositions will be
limited to the ten provided by Rule 30.  Should plaintiffs desire
additional depositions, they may file a motion with the
magistrate judge assigned to the case.

            To the extent the parties cannot agree on the locations
where the party and non-party witnesses are to be deposed, they
may file any appropriate motions with the magistrate judge

assigned to the case.

## V.  MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before September 1, 2011.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for November 14, 2011, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement that identifies every non-discovery motion that has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by

1   Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
2   claims that remain at issue and any remaining affirmatively pled
3   defenses thereto.  If the case is to be tried to a jury, the
4   parties shall also prepare a succinct statement of the case,
5   which is appropriate for the court to read to the jury.
6            VII.  TRIAL SETTING
7            The trial is set for January 10, 2012 at 9:00 a.m.
8   Plaintiffs estimate trial will last approximately 8-10 days and
9   defendants do not yet have an estimate.
10           VIII.  SETTLEMENT CONFERENCE
11           A Settlement Conference will be set at the time of the
12  Pretrial Conference.  All parties should be prepared to advise
13  the court whether they will stipulate to the trial judge acting
14  as settlement judge and waive disqualification by virtue thereof.
15           Counsel are instructed to have a principal with full
16  settlement authority present at the Settlement Conference or to
17  be fully authorized to settle the matter on any terms.  At least
18  seven calendar days before the Settlement Conference, counsel for
19  each party shall submit a confidential Settlement Conference
20  Statement for review by the settlement judge.  If the settlement
21  judge is not the trial judge, the Settlement Conference
22  Statements shall not be filed and will not otherwise be disclosed
23  to the trial judge.
24           IX.  <u>MODIFICATIONS TO SCHEDULING ORDER</u>
25           Any requests to modify the dates or terms of this
26  Scheduling Order, except requests to change the date of the
27  trial, may be heard and decided by the assigned Magistrate Judge.
28  All requests to change the trial date shall be heard and decided

only by the undersigned judge.

DATED: August 5, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE