UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN PRUITT, et al.,

      Plaintiffs,

      v.

COUNTY OF SACRAMENTO, et al.

      Defendants.

                                /

NO. CIV. 2:10-0416 WBS KJN

MEMORANDUM AND ORDER RE:
MOTIONS TO DISMISS

----oo0oo----

        Plaintiffs' First Amended Complaint ("FAC"), filed May 12, 2010, contains sixteen claims. The first through fifth claims are federal civil rights claims against the individual defendants under 42 U.S.C. § 1983, based upon alleged unlawful search and seizure, malicious prosecution, suppression of exculpatory evidence and loss of familial rights. The sixth claim seeks to impose liability against defendant County of Sacramento for the actions of its policymakers pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658

1

(1978).  The seventh through eleventh claims seek to impose liability on the individual defendants pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971).  The twelfth claim is for violations of the federal RICO statutes and RICO conspiracy. (18 U.S.C. §§ 1962(c) and (d).  The thirteenth through sixteenth claims are state law civil rights, negligence, malicious prosecution and loss of consortium claims.

Presently before the court are defendants' motions to dismiss the sixth (<u>Monell</u>), seventh through eleventh (<u>Bivens</u>), twelfth (RICO), fourteenth (state law negligence) and fifteenth (state law malicious prosecution) claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.  <u>Monell Claim</u>

    A.  <u>Sheriff John McGinness and the County of Sacramento</u>

Defendants argue that Sheriff John McGinness and the County are entitled to Eleventh Amendment immunity, pursuant to <u>McMillian v. Monroe County</u>, 520 U.S. 781 (1997), because McGinness was acting as a policy maker for the state when setting the policies at issue in this case.  In <u>Brewster v. Shasta County</u>, 275 F.3d 803 (9th Cir. 2001), the Ninth Circuit held that sheriffs in California act on behalf of the county, rather than the state, when investigating crimes, and therefore are not entitled to Eleventh Amendment immunity when sued under section 1983 for injuries allegedly caused by the execution of the sheriff's policies in connection with arrests and crime investigations.

Defendants argue that the California Supreme Court's

2

decision in <u>Venegas v. County of Los Angeles</u>, 32 Cal4th 820 (2004) overrules <u>Brewster</u>.  The decisions of the California Supreme Court are entitled to due deference.  It is well established, however, that "the question of municipal liability under section 1983 is one of federal law." <u>Streit v.County of Los Angeles</u>, 236 F.3d 552, 560 (9th Cir. 2001) (concluding that even if California case law were "on all fours we would not be bound by [its] conclusion regarding section 1983 liability because such questions implicate federal, not state law").  On questions of federal law, this court is bound by the decisions of the Ninth Circuit.  The Ninth Circuit has not departed from its analysis in <u>Brewster</u> since <u>Venegas</u> was decided.

District courts in this Circuit have uniformly since <u>Venegas</u> continued to follow <u>Brewster</u>.  See <u>Garcia v. City of Merced</u>, 637 F. Supp. 2d 731, 759-60 (E.D. Cal. 2008); <u>Brockmeier v. Solano County Sheriff's Dept.</u>, No. CIV-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *10 (E.D. Cal. Dec. 18, 2006); <u>Faulkner v. County of Kern</u>, No. 1:04-CV-05964 OWWTAG, 2006 WL 1795107, at *16 (E.D. Cal. June 28, 2006); <u>Brown v. County of Kern</u>, No. 1:06-CV-00121-OWW-TAG, 2008 WL 544565, at *12 (E.D. Cal. Feb. 26, 2008); <u>Vega v. County of Yolo</u>, No. 2:09-CF-00574-MCE-KJM, 2009 WL 1992532, at *4 (E.D. Cal. July 8, 2009); <u>Miller v. Butte County</u>, No. 2:06-CV-0489 JAM KJM, 2008 WL 4287665, at *4 (E.D. Cal. Sept. 17, 2008); <u>Byrd v. Teater</u>, No. 1:06-cv-00900 OWW WMW, 2008 WL 495757, at *18-*21 (E.D. Cal. Feb. 21, 2008), rev'd on reconsideration on other grounds at 2008 WL 958194 (E.D. Cal. Apr. 8, 2008); <u>Newman v. County of Ventura</u>, No. CV 09-4160-JVS (RC), 2010 WL 1266719, at *5-*6 (C.D. Cal. Mar. 8, 2010), adopted

3

by 2010 WL 1266725 (C.D. Cal. Mar. 26, 2010).

McNeely v. County of Sacramento, No. 2:05-CV-1401-MCE-DAD, 2008 WL 489893, at *4 (E.D. Cal. Feb. 20, 2008), cited by defendants is distinguishable. That case concerned "conduct arising from simply detaining plaintiff in jail pending the outcome of ongoing criminal proceedings." Judge England expressly distinguished that situation from one where the sheriff's "administrative or investigative responsibilities are under scrutiny."

For the foregoing reasons, neither Sheriff John McGinness nor the County of Sacramento are entitled to Eleventh Amendment immunity for the conduct allegedly based upon his policies.

B.  Defendants Ramos and Berry

Defendants argue that plaintiffs have not sufficiently pled that defendants Ramos and Berry were policymakers for the County. However, in paragraph 126 of the FAC, plaintiffs allege that "Defendant COUNTY OF SACRAMENTO, by and through its agents SCSD and Defendant McGINNESS, who had authority on behalf of the County to delegate such authority, delegated final policymaking authority to Defendants RAMOS and BERRY for the drug investigations assigned to the SAINT/HIDTA task force, including the investigation against Plaintiffs JOHN PRUITT and DARRYL BERG." That allegation is sufficient. See City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988) (plurality opinion) ("Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority …." (internal quotation marks omitted)).

4

Defendants Ramos and Berry are accordingly proper defendants to the Monell claim, and the claim against the County may properly be predicated upon conduct resulting from policies promulgated by them.

II. Bivens Claim

In Bivens, the Supreme Court established the right to sue federal officers for violation of a plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens does not apply to state officers acting under color of state law. At the hearing on the motion, defendants' counsel stipulated that the individual named defendants were all acting under color of state law at all times alleged in the FAC. Accordingly, defendants' motion to dismiss the Bivens claims (claims seven through eleven) of the FAC as against the named defendants will be granted.

III. RICO Claims

Plaintiffs allege civil RICO violations and a RICO conspiracy against the individual defendants under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d). Section 1962 provides:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

Section 1961 defines "enterprise" as:

> (4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although

5

not a legal entity;

18 U.S.C. § 1961(4).  "Pattern of racketeering activity is defined as:

> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

18 U.S.C. § 1961(5).  "A violation of section 1962(c) requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

Defendants argue that plaintiffs cannot establish the "enterprise" or "pattern of racketeering activity" elements necessary to state a claim under § 1962(c) and by implication § 1962(d).

  A.   Enterprise

Plaintiffs allege that the Sacramento Intelligence Narcotics Task Force ("SAINT"), the Sacramento chapter of the federally funded High Intensity Drug Trafficking Areas program ("HIDTA") (referred to as the SAINT/HIDTA task force) was the "enterprise" for RICO purposes.  The parties cite opposing Ninth Circuit cases on the issue of whether a governmental entity can constitute an "enterprise" for RICO purposes.  In United States v. Freeman, 6 F.3d 586, 597 (9th Cir. 1993), the Ninth Circuit held that the 49th Assembly District could constitute an "enterprise."  Id. ("[A] governmental entity may constitute an 'enterprise' within the meaning of RICO.").  In Pedrina v. Chun, 97 F.3d 1296 (9th Cir. 1996), however, that court rejected

6

1  plaintiffs' RICO claims against a city.  Id. ("[G]overnment
2  entities are incapable of forming [the] malicious intent
3  necessary to support a RICO action.") (quoting Lancaster
4  Community Hosp. v. Antelope Valley Hosp., 940 F.2d 397, 404 (9th
5  Cir. 1991).  Pedrina stands for the proposition that
6  municipalities and government entities are not proper defendants
7  to a RICO cause of action, and fails to address whether they can
8  constitute an "enterprise" for purpose of another party's
9  liability under RICO.  Indeed, the Ninth Circuit in Freeman noted
10 that "seven other circuit courts have found that a government
11 entity may constitute an 'enterprise' within the meaning of
12 RICO," and adopted the view of those circuits.  6 F.3d at 597
13 (citing cases from the second, third, fourth, fifth, sixth,
14 seventh, and eighth circuits).  Plaintiffs have therefore
15 properly alleged that the SAINT/HIDTA task force is a RICO
16 "enterprise."

17          Defendants also argue that RICO suits against
18 individual officers in their official capacity is not permitted.
19 This court does not view plaintiffs' RICO claim as one against
20 the officers in their official capacity.  Just because defendants
21 were acting within the scope of their employment or under color
22 of state law does not mean they are sued in their official
23 capacity.  Here, plaintiffs seek to recover money damages against
24 the officers in their individual capacity.  Moreover, in Pedrina,
25 however, the Ninth Circuit stated that the issue of a mayor's
26 RICO liability for accepting bribes could not be disposed of as
27 easily as the municipality's liability, and proceeded in its
28 analysis of the mayor as if he could be a proper RICO defendant.

7

97 F.3d at 1300-01.

### B. Pattern of Racketeering Activity

"Racketeering activities" is defined as a number of specific criminal acts under federal and state laws. See 18 U.S.C. § 1961(1) (listing qualifying acts). A "pattern" of racketeering involves at least two predicate acts. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). The Supreme Court has explained that Congress, in requiring a "pattern" of such activities, envisioned "a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that were related and that amounted to, or threatened the likelihood of, continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 237 (1989); see id. at 239 (stating that a plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.")

Continuity "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241; see id at 242 ("A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the threat of continuity

8

is demonstrated."). With respect to the threat of continued criminal activity, it "may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." Id.

Plaintiffs allege that the racketeering activities engaged in by defendants consist of violations of 18 U.S.C. 1512(b) and (c), which involve obstruction of justice. Specifically, plaintiffs allege that defendants concealed exculpatory and impeachment evidence in the Charles[1] case up through August 2008, and doing the same in the prosecution of plaintiffs John Pruitt and Darryl Berg in early 2009. (FAC ¶ 169a-b.) Plaintiffs also allege that the same four individual defendants testified falsely under oath during the hearing on plaintiffs John Pruitt and Darryl Berg's motion to suppress on November 13, 2008 in an effort to secure a baseless drug conviction against them. (Id. ¶ 169c-f.) According to plaintiffs, the criminal activity that is allegedly threatened to continue is the baseless prosecution and conviction of California residents for drug crimes in violation of their Constitutional rights. (FAC ¶¶ 168-70.)

Defendants argue that plaintiffs have failed to allege a pattern of racketeering activity because plaintiffs have no standing to sue for actions relating to the Charles case and because the other alleged predicate acts are not "continuing."

---

[1] People v. Charles, No. 06-F-2213 (Sac. Super. Ct.) is an unrelated drug case in which four of the individual officer defendants in this case allegedly engaged in similar misconduct of false testimony and Brady violations. Charges against the defendant in that case were allegedly dropped mid-trial once the Brady violation came to light.

9

1  While plaintiffs do not have standing to sue under RICO for the
2  events that occurred in the Charles case, Diaz v. Gates, 420 F.3d
3  897 (RICO standing requires proximate harm to business or
4  property interest), this inquiry is distinct from whether the
5  events in the Charles case evidence a pattern or threatened
6  pattern of continued criminal activity.  Taken together with the
7  acts defendants allegedly committed in prosecuting plaintiffs
8  John Pruitt and Darryl Berg between November 13, 2009 and April
9  7, 2009 plaintiffs have sufficiently pleaded that the
10 racketeering predicates are sufficiently related and amount to a
11 continued criminal conspiracy.  That John Pruitt and Darryl Berg
12 are no longer being prosecuted for drug crimes is immaterial;
13 plaintiffs allege that defendants' regular course of business is
14 to falsely prosecute innocent California residents for drug
15 crimes.

16      Defendants' motion to dismiss the RICO claims must
17 accordingly be denied.

18 IV.  State Law Claims for Malicious Prosecution and Negligence

19      Section 821.6 of the California Government Code
20 provides that "a public employee is not liable for injury caused
21 by his instituting or prosecuting any judicial or administrative
22 proceeding within the scope of his employment, even if he acts
23 maliciously and without probable cause." Gov. Code § 821.6.  This
24 immunity applies to police officers.  Randle v. City and
25 County of San Francisco, 186 Cal.App.3d 449 (1986).
26 Specifically, section 821.6 immunity applies to claims for
27 negligent and malicious prosecution. See Johnson v. City of
28 Pacifica, 4 Cal.App.3d 82, 86-87 (1970); Kayfetz v. California,

10

1  156 Cal. App. 3d 491, 497 (1984).  The immunity extends to
2  "actions taken in preparation for formal proceedings." <u>Amylou R.
3  V. County of Riverside</u>, 28 Cal.App.4th 1205, 1210 (1994).
4  Because an investigation is "an essential step toward the
5  institution of formal proceedings, it is also cloaked with
6  immunity." Id. (quoting <u>Kemmerer v. County of Fresno</u>, 200
7  Cal.App.3d 1426, 1436-1437 (1988)).

8        The fourteenth claim of the FAC is titled "Negligence,"
9  and alleges that defendants "breached the duty of care in
10 searching, seizing, and arresting" plaintiffs without probable
11 cause and "by continuing to detain and prosecute them criminally"
12 while fabricating and withholding evidence.  The fifteenth claim
13 is titled "Malicious Prosecution," and alleges that defendants
14 "without probable cause" and "maliciously" initiated and
15 maintained the criminal prosecution against plaintiffs.

16       Plaintiffs acknowledge that defendants are entitled to
17 section 821.6 immunity against claims for malicious prosecution
18 and attendant negligence, but point out that section 821.6 does
19 not apply to the torts of false arrest or imprisonment.
20 Accordingly, plaintiffs ask the court to construe the fourteenth
21 and fifteenth claims as claims for false arrest and imprisonment
22 and a "derivative negligence claim based on the same facts."
23 Plaintiffs ask the court to do too much.  The plain language of
24 the FAC reads otherwise.  The fourteenth and fifteenth claims
25 will therefore be dismissed with leave to amend.

26       IT IS THEREFORE ORDERED that defendants' motion to
27 dismiss the seventh, eighth, ninth, tenth, eleventh, fourteenth,
28 and fifteenth claims as against the named defendants be, and the

1 | same hereby is GRANTED;
2 |     IT IS FURTHER ORDERED that in all other respects
3 | defendant's motion to dismiss the FAC be, and the same hereby is,
4 | DENIED.
5 |     Plaintiffs are given 20 days from the date of this
6 | order to file a Second Amended Complaint, if they can do so
7 | consistent with this Order.
8 | DATED: September 14, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE