IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PRUITT, et al.,

       Plaintiffs,               No. 2:10-cv-0416 WBS KJN

    v.

COUNTY OF SACRAMENTO, et al.,

       Defendants.            <u>ORDER</u>

_____/

       Presently before the court is the parties' "Stipulated Protective Order," which seeks an order limiting the use and dissemination of information that the parties seek to designate as "confidential information."  (Stipulated Protective Order, Dkt. No. 66.)  The undersigned will not approve the proposed Stipulated Protective Order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1.  The Stipulated Protective Order raises additional concerns identified below.

       This court's Local Rule 141.1(c) provides:

       **(c)**    **Requirements of a Proposed Protective Order.**  All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:

          (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms

sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

        (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

        (3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c).  Although the Stipulated Protective Order makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."  E. Dist. Local Rule 141.1(c)(3).  Thus, the parties have not made the showing required by Local Rule 141.1, and the undersigned does not approve the Stipulated Protective Order as proposed.  However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

        The undersigned also addresses two additional aspects of the Stipulated Protective Order that the undersigned will not, or is not inclined to, approve.  First, paragraphs 1 and 5 purport to effectuate the automatic sealing of documents that are subject to the Stipulated Protective Order and are filed in this action.  (See Stipulated Protective Order ¶¶ 1, 5.)  These provisions are inconsistent with Local Rule 141.1(e), which provides: "Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141."  E. Dist. Local Rule 141.1(e).  Neither Local Rule 141 nor Local Rule 141.1 provides for the automatic sealing of documents filed with the court; indeed, these rules prohibit such automatic sealing by way of a previously entered protective order.  See E. Dist. Local Rule 141(a) ("To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the document.").  Accordingly, the undersigned will not approve a stipulated protective order, such as the one presented here, which includes an automatic sealing provision.  The parties are

1   required to file a request to seal in accordance with the Eastern District Local Rules, including

2   Local Rules 141 and 141.1, and the Federal Rules of Civil Procedure.[1]

3               Finally, paragraphs 15 and 16 provide that this court will retain jurisdiction over

4   the Stipulated Protective Order and any disputes arising therefrom after this action has

5   concluded.[2]   The undersigned is strongly disinclined to approve any provision that creates such

6   retained jurisdiction over the Stipulated Protective Order and related disputes after termination of

7   the action.

8               For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Stipulated

9   Protective Order is not approved, but without prejudice to the refiling of a sufficient proposed

10   stipulated protective order if the parties are unable to reach a private agreement.

11               IT IS SO ORDERED.

12   DATED:  February 10, 2011

13

14

15   KENDALL J. NEWMAN

      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

---

[1]  Additionally, paragraph 12 of the Stipulated Protective Order purports to effectuate the continued sealing of documents after the termination of this action.  (Id. ¶ 12.)  The undersigned is not inclined to approve this provision.  Such continued sealing is the proper subject of a separate request to file documents under seal, and any resulting sealing order.  Moreover, as discussed below, the undersigned is disinclined to approve any provision that contemplates the retention of jurisdiction by this court after the termination of this action.

[2]  Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  E. Dist. Local Rule 141.1(f).