**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Stephen E. Horan, SBN 125241
Kevin M. Kreutz, SBN 264654
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, JOHN McGINNESS, SANTOS RAMOS, BRAD ROSE, RANDY MOYA, JACQUELINE KLOSS, KEVIN STEED, STEVE WHARTON, TIMOTHY RUIZ, THOMAS LYNN, and CRAIG HARMON
*Public entity exempt from filing fee pursuant to Gov't Code Section 6103*

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRUITT; JOHN PRUITT, JR., a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; PHILLIP PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; MICHAEL PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; ISAIAH PRUITT, a minor, by and through his Guardian Ad Litem, his custodial parent John Pruitt; DARRYL BERG; and DEBRA BERG, | Case No.: 2:10-cv-00416-WBS-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: 2/18/10<br>First Amended: 5/12/10<br>Second Amended: 10/4/10 |

       Plaintiffs,

      v.

COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Sheriff JOHN McGINNESS; Sergeant SANTOS RAMOS; Detective SEAN BERRY; Detective BRAD ROSE; Detective RANDY MOYA; Detective JACQUELINE KLOSS; Detective KEVIN STEED; Detective STEVE WHARTON; Probation Officer TIMOTHY RUIZ; Deputy THOMAS LYNN; Deputy CRAIG HARMON; and DOES 1-100, inclusive,

       Defendants.

_____/

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
*www.porterscott.com*

00866205.WPD                  STIPULATED PROTECTIVE ORDER

Defendants COUNTY OF SACRAMENTO, JOHN McGINNESS, SANTOS RAMOS, SEAN BERRY, BRAD ROSE, RANDY MOYA, JACQUELINE KLOSS, KEVIN STEED, STEVE WHARTON, TIMOTHY RUIZ, THOMAS LYNN, and CRAIG HARMON (collectively hereafter "Defendants")[1] in good faith believe that certain documents relevant to the above-captioned case contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, ( c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

These confidential documents include, but are not limited to:

1.      Personnel records of Sacramento County Sheriff's Office deputies involved in the subject incident at issue, including but not limited to training records;

2.      The internal affairs investigation pertaining to the subject incident.

Defendants also recognize that in prior circumstances, District Courts within the Ninth Circuit have ordered disclosure of peace officer personnel records and internal investigative reports subject to a protective order signed by the Court. (*See*, *e.g.*, *Deocampo v. City of Vallejo*, 2007 U.S. Dist. LEXIS 43744 (E.D. Cal. June 2007).  In light of the customary treatment given peace officer personnel records and internal investigative reports in this Circuit, the sensitive nature of the documents to be disclosed and the strong presumption against disclosure of such information in response to a public records request or in response to discovery in a similar civil action in state court absent a court order, Defendants hereby request disclosure be governed by a court-ordered protective order.  Defendants believe a court order, not a private agreement, properly facilitates the limited

---

[1] Except as otherwise noted, all future references to "Defendants" includes all Defendants named herein, regardless of whether the Defendants are represented by the same counsel or separate counsel.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

2

00866205.WPD                    STIPULATED PROTECTIVE ORDER

disclosure of such documents while protecting them from general disclosure.

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the COUNTY and produced subject to the following Protective Order:

1.      The disclosed documents shall be used solely in connection with the civil case *Pruitt v. County of Sacramento, et al.*, Case No. 2:10-cv-00416-WBS-KJN (U.S. District Court, Eastern District of California) and in the preparation and trial of the cases, or any related proceeding.  The Defendants do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      A party producing the documents and materials believed to be confidential as described herein may designate those materials as confidential by affixing a mark labeling them "Confidential", provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agree upon by the disclosing and requesting parties.

3.      Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a)      Terence J. Cassidy, Stephen E. Horan and Kevin M. Kreutz, and associate attorneys in their offices, as counsel for Defendants County of Sacramento, John Mcginness, Santos Ramos, Brad Rose, Randy Moya, Jacqueline Kloss, Kevin Steed, Steve Wharton, Timothy Ruiz, Thomas Lynn, and Craig Harmon in the case designated above;

(b)      Sanford J. Rosen, Ernest Galvan, Lisa Ells, Leslie Mehta and Geri Green, and associate attorneys in their offices, as counsel for Plaintiffs in the case designated above, and their clients as designated below, provided that such review by Plaintiffs occurs in the presence of their

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3

00866205.WPD                              STIPULATED PROTECTIVE ORDER

1   counsel of record and that Plaintiffs are not provided with or allowed to maintain a copy, electronic

2   or otherwise, of any documents designated by the Defendants as subject to this protective order;

3        (c)      John A. Lavra, Jeri L. Pappone and Amy B. Lindsey-Doyle, and associates

4   in their offices, as counsel for Defendant Sean Berry in the case designated above;

5

6        (d)      Paralegal, clerical and secretarial personnel regularly employed by counsel

7   referred to in subparts (a), (b) and (c) immediately above, including stenographic deposition reporters

8   or videographers retained in connection with this action;

9        (d)      Court personnel, including stenographic reporters or videographers engaged

10  in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

11

12       (e)      Any expert, consultant or investigator retained in connection with this action;

13       (f)      The finder of fact at the time of trial, subject to the court's ruling on *in limine*

14  motions and objections of counsel; and,

15       (g)      Witnesses during their depositions in this action.

16       4.       Prior to the disclosure of any Confidential information to any person identified in

17  paragraph 3 and it subparts, each such recipient of Confidential information shall be provided with

18  a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated

19  Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective

20  Order and agrees to abide by its terms.  Such person also must consent to be subject to the

21  jurisdiction of the United States District Court for the Eastern District of California, including

22  without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order,

23

24  insofar as they restrict disclosure and use of the material, shall be in effect until further order of this

25  Court.  The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible

26  for internally tracking the identities of those individuals to whom copies of documents marked

27  Confidential are given.  The Defendants may request the identities of said individual(s) upon the

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

4

00866205.WPD                    STIPULATED PROTECTIVE ORDER

final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this actions, or agents thereof, have breached the terms of the Stipulated Protective Order.

5.    As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141.  If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

6.    The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7.    A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8.    Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

(a)    Counsel for parties other than the Defendants shall receive one copy of the Confidential documents at no charge.

(b)    Counsel for parties other than the Defendants shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00866205.WPD                STIPULATED PROTECTIVE ORDER

any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for the Defendants.

(c)     If the other parties in good faith require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the Defendants.  Upon agreement with counsel for the Defendants, copies will be produced in a timely manner to the requesting party, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the Defendants.

(d)     Any additional copying of the Confidential documents beyond the first copy will be charged to the requesting party.

(e)     The Defendants shall produce documents and material marked "Confidential" to Plaintiffs.

(f)     If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.     Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

10.     Should any information designated confidential be disclosed, through inadvertence

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00866205.WPD                                    STIPULATED PROTECTIVE ORDER

or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11.     No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.  In addition, any information that is designated confidential and produced by the Defendants does not lose its confidential status due to any inadvertent or unintentional disclosure.  In the event that the Defendants make any such inadvertent disclosure, the documents which are confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential-marked documents provided to the other parties to this action.  Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the Defendants within fourteen (14) days.

12.     After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential.  All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall be returned to counsel for the Defendants in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for Defendants.  "Conclusion" of this litigation means a termination of the case following a trial or settlement.

13.     No later than thirty (30) days after settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the Defendants.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

7

00866205.WPD                      STIPULATED PROTECTIVE ORDER

14.     If any party appeals a jury verdict or order terminating the case, counsel for the Defendants shall maintain control of all copies of confidential documents.  If following an appeal the district court reopens the case for further proceedings, the documents shall be returned to counsel for the other parties.

15.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

16.     During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

Dated: February 14, 2011                    PORTER SCOTT
                                            A PROFESSIONAL CORPORATION


                                       By ____/s/ Kevin M. Kreutz_____
                                            Terence J. Cassidy
                                            Stephen E. Horan
                                            Kevin M. Kreutz
                                            Attorneys for Defendants COUNTY OF
                                            SACRAMENTO, JOHN McGINNESS,
                                            SANTOS RAMOS, BRAD ROSE, RANDY
                                            MOYA, JACQUELINE KLOSS, KEVIN
                                            STEED, STEVE WHARTON, TIMOTHY
                                            RUIZ, THOMAS LYNN, and CRAIG
                                            HARMON



Dated: February14, 2011                     LONGYEAR, O'DEA AND LAVRA, LLP


                                       By ____/s/ Amy B. Lindsey-Doyle_____

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00866205.WPD                    STIPULATED PROTECTIVE ORDER

John A. Lavra
Jeri L. Pappone
Amy B. Lindsey-Doyle
Attorneys for Defendant Sean Berry


Dated: February 14, 2011_____ROSEN, BIEN & GALVAN, LLP


By     /s/ Lisa Ells (*As authorized on 02/14/11)
                                        Sanford Jay Rosen
                                        Ernest Galvan
                                        Lisa Ells
                                        Leslie Mehta
                                        Attorneys for Plaintiffs JOHN PRUITT;
                                        JOHN PRUITT, JR., a minor, by and through
                                        his Guardian Ad Litem, his custodial parent
                                        John Pruitt; PHILLIP PRUITT, a minor, by
                                        and through his Guardian Ad Litem, his
                                        custodial parent John Pruitt; MICHAEL
                                        PRUITT, a minor, by and through his
                                        Guardian Ad Litem, his custodial parent John
                                        Pruitt; ISAIAH PRUITT, a minor, by and
                                        through his Guardian Ad Litem, his custodial
                                        parent John Pruitt; DARRYL BERG

## ORDER

The revised Stipulated Protective Order filed by the parties (Dkt. No. 68) is HEREBY

APPROVED with the modification that the "Court personnel" identified in paragraph 3(d)[2] and the

"finder of fact" identified in paragraph 3(f) of the Stipulated Protective Order shall not be subject

to paragraphs 4, 10, and 15[3] of the Stipulated Protective Order.

IT IS SO ORDERED.

DATED:  March 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Stipulated Protective Order contains two provision labeled "3(d)."  This exception
pertains to the second paragraph labeled "3(d)."

[3]  Paragraph 15 is ambiguous in regards to the term "affected persons."

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00866205.WPD                        STIPULATED PROTECTIVE ORDER