1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   JOHN PRUITT; JOHN PRUITT, JR.,        NO. CIV. 2:10-416 WBS KJN
     a minor, by and through his
13   Guardian Ad Litem, his               ORDER RE: MOTION FOR APPROVAL
     custodial parent John Pruitt;        OF MINORS' COMPROMISE
14   PHILLIP PRUITT, a minor, by
     and through his Guardian Ad
15   Litem, his custodial parent
     John Pruitt; MICHAEL PRUITT, a
16   minor, by and through his
     Guardian Ad Litem, his
17   custodial parent John Pruitt;
     ISAIAH PRUITT, a minor, by and
18   through his Guardian Ad Litem,
     his custodial parent John
19   Pruitt; and DARRYL BERG,

20              Plaintiffs,

21         v.

22   COUNTY OF SACRAMENTO;
     Sacramento County Sheriff's
23   Department Sheriff JOHN
     McGINNESS; Sergeant SANTOS
24   RAMOS; Detective SEAN BERRY;
     Detective BRAD ROSE; Detective
25   RANDY MOYA; Detective
     JACQUELINE KLOSS; Detective
26   KEVIN STEED; Detective STEVE
     WHARTON; Probation Officer
27   TIMOTHY RUIZ; Deputy THOMAS
     LYNN; Deputy CRAIG HARMON; and
28   DOES 1-100, inclusive,

                              1

1
2          Defendants.
    _____/

3
                        ----oo0oo----
4          Plaintiffs John Pruitt, Darryl Berg, and John Pruitt's
5    minor children John Pruitt, Jr., Phillip Pruitt, Michael Pruitt,
6    and Isaiah Pruitt ("Pruitt children") brought this action against
7    defendants County of Sacramento, John McGinness, Santos Ramos,
8    Sean Berry, Brad Rose, Randy Moya, Jacqueline Kloss, Kevin Steed,
9    Steve Wharton, Timothy Ruiz, Thomas Lynn, and Craig Harmon,
10   arising out of a series of events culminating in criminal charges
11   brought and later dismissed against John Pruitt and Darryl Berg.
12   The Second Amended Complaint ("SAC"), (Docket No. 51), contains
13   fourteen causes of action, including various claims pursuant to
14   42 U.S.C. § 1983.  The Pruitt children bring a single claim for
15   denial of due process for separation from their father during his
16   allegedly wrongful incarceration.  (See SAC ¶ 120.)
17         On September 14, 2010, the court granted in part and
18   denied in part defendants' motion to dismiss the First Amended
19   Complaint with leave to amend.  (Docket No. 50.)  On January 20,
20   2011, the court denied defendants' motion to dismiss the SAC.
21   (Docket No. 61.)
22         On May 16, 2011, the parties commenced a mediation of
23   the case, which resulted in an agreement of all parties.  (Rosen
24   Decl. ¶¶ 8-9 (Docket No. 73).)  Plaintiffs now seek, and
25   defendants do not oppose, the court's approval of the settlement
26   as to the Pruitt children.
27         The settlement reached is in the amount of $400,000.
28   (Rosen Decl. ¶ 9, Ex. 1.)  Under the settlement, the Pruitt

                                2

1   children will each receive $2,500 in a separate blocked bank

2   account, and $85,000 is allocated to compensate John Pruitt for

3   claimed physical injuries.  (<u>Id.</u> ¶ 10, Ex. 1.)  The remainder of

4   the settlement amount is allocated for other claimed damages and

5   injuries, claimed statutory attorney's fees, and costs and

6   expenses incurred on behalf of plaintiffs.  (<u>Id.</u> Ex. 1.)

7   Attorney's fees will be adjusted downward to ensure that

8   plaintiffs' counsel's compensation for representing the Pruitt

9   children is less than 25% of the total amount attributable to the

10   minor plaintiffs' recovery.  (<u>Id.</u> ¶ 13.)

11       "It has long been established that the court in which a

12   minor's claims are being litigated has a duty to protect the

13   minor's interests."  <u>Salmeron v. United States</u>, 724 F.2d 1357,

14   1363 (9th Cir. 1983).  "In the context of proposed settlements in

15   suits involving minor plaintiffs, this special duty requires a

16   district court to 'conduct its own inquiry to determine whether

17   the settlement serves the best interests of the minor.'"

18   <u>Robidoux v. Rosengren</u>, 638 F.3d 1177, 1181 (9th Cir. 2011)

19   (quoting <u>Dacanay v. Mendoza</u>, 573 F.2d 1075, 1080 (9th Cir.

20   1978)); <u>see also</u> E.D. Local R. 202(b) ("No claim by or against a

21   minor or incompetent person may be settled or compromised absent

22   an order by the Court approving the settlement or compromise.").

23   In reviewing a proposed settlement, district courts can consider

24   "whether the net amount distributed to each minor plaintiff in

25   the settlement is fair and reasonable, in light of the facts of

26   the case, the minor's specific claim, and recovery in similar

27   cases."  <u>Robidoux</u>, 638 F.3d at 1182.

28       Having reviewed the proposed settlement and the

1  declarations of counsel and John Pruitt, the court concludes

2  that the proposed settlement is fair and reasonable.

3          IT IS THEREFORE ORDERED that plaintiffs' motion for

4  approval of minors' compromise be, and the same hereby is,

5  GRANTED.

6  DATED:  August 31, 2011

7

8                                 _____

   WILLIAM B. SHUBB

9                                 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4